UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

A.B., by his mother B.B., *et al.*,

    Plaintiffs,

    v.

BREMERTON SCHOOL DISTRICT NO. 100-C, a municipal corporation, *et al.*,

    Defendants.

Case No. C07-5682FDB

ORDER GRANTING BREMERTON SCHOOL DISTRICT'S MOTION TO DISMISS

Plaintiffs are school age residents of the Frances Haddon Morgan Center (Morgan Center), a Residential Habilitation Center for individuals with developmental disabilities operated by the Department of Social and Health Services' (DSHS) Division of Developmental Disabilities.  Plaintiffs had attended a classroom in the Bremerton School District's junior high building, which space was leased by the DSHS through the Morgan Center.   Owing to problems with the building, and concluding, based on a study that investment required to bring the building up to health and safety standards was not worth it, the Bremerton School District's Board of Directors decided to close the junior high building as of January 2008, and so informed the Morgan Center in February 2007 that the building would be closing in December 2007.  The School District offered to assist the Center in locating another facility on or close to District Property.  Meanwhile, the Morgan Center  moved the

ORDER - 1

displaced students to a classroom on the Morgan Center campus.  As part of their request for injunctive relief, Plaintiffs sought to prevent the Defendants from closing the junior high school building.  Injunctive relief was denied, as neither the DSHS nor the Superintendent should be ordered to countermand a decision of the Bremerton School District's School Board, and, furthermore, the closure decision was reasonable under the circumstances.

The Bremerton School District moves for dismissal or for a more definite statement.  Having considered the parties' memoranda, the record herein, and being fully informed, for the following reasons, the motion must be granted.  Under the Individuals with Disabilities Education Act (IDEA), in exchange for federal funds, states agree to ensure that a free appropriate public education is provided to all children with disabilities residing in the state.  20 U.S.C. § 1412.  "The statute, regulations, and legislative history all make clear that the state educational agency, ... has the ultimate responsibility for assuring that all handicapped children have the right to a free appropriate public education."  *Kerr Center Parents Ass'n v. Charles*, 897 F.2d 1463 (9th Cir. 1990).  Washington State has adopted laws to meet its obligation under IDEA.  For "residential school residents" – such as the Plaintiffs – RCW 28A.190.030 provides the scope of duties and authority of the school district: generally, that it provide educational services (*e.g.*, teachers, textbooks, curriculum, etc.)  The duties and authority of the DSHS as to residential school residents is set forth in 28A.190.040: DSHS, in support of the education program provided by a school district, must provide facilities, *e.g.*, transportation to and from the education site, a safe and healthy building and playground space, furniture, heat, lights, etc., and "such other support services and facilities as are reasonably necessary for the conduct of the program of education.  28A.190.050 provides for the negotiation and execution of written contracts between the school districts and DSHS for provision of the above services.

Plaintiffs describe the School District's obligations under law, and contend that the School District could have moved other students around to make space.  This argument, of course, ignores

ORDER - 2

DSHS's obligation to provide the building for the residential students' education. Plaintiffs appear to argue that in closing the junior high school, the School District ignored its duties to provide education in the general education environment with students who are nondisabled to the maximum extent appropriate. That argument fails under these circumstances, as former leased space is no longer available by a School Board decision for legitimate reasons, and DSHS has not found an alternate facility that it finds acceptable. The School District gave early notice to DSHS/Morgan Center of its decision to close the junior high school building, made some suggestions for alternatives to DSHS/Morgan Center, and offered its assistance in locating an alternative site. The School District has not breached its statutory obligations. DSHS has the obligation to provide a facility for education of the residential students at Morgan Center. Just because the School Board's decision regarding the junior high school building renders that space unavailable, does not shift the statutory obligation for provide a "safe and healthy building" from DSHS to the School District. Therefore, the School District's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim must be granted.

      ACCORDINGLY, IT IS ORDERED: Defendant Bremerton School District's Motion to Dismiss [Dkt. # 20] pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, and this cause of action is DISMISSED.

      DATED this 15th day of January, 2008.

      FRANKLIN D. BURGESS
      UNITED STATES DISTRICT JUDGE

ORDER - 3